## AUDUBON *a.* THE EXCELSIOR FIRE INSURANCE COMPANY.

*New York Common Pleas; Special Term, May,* 1859.

### Terms on Opening Default.—Defence of Former Adjudication.

On opening, upon sufficient excuse, a default regularly taken against the defendant, the court should not impose, as terms of the favor, a requirement that the defendant shall not interpose a defence of a former adjudication.

Such a defence is neither dishonest nor unconscionable.

The rule that on opening a default, the defendant may be restricted in his defences, should not be extended to defences other than those of usury, limitations, &c., which gave rise to the rule.

Motion to open a default. The plaintiffs resisted the granting of the motion, except with a restriction precluding defendants

from interposing the answer of a Former Adjudication, the facts are stated in the opinion.

HILTON, J.—The defendants apply to have their default opened, and that they be permitted to answer.

It is conceded on the part of the plaintiff that a sufficient excuse is shown to entitle them to relief from the consequences of their neglect or omission to serve the answer within the proper time; but it is insisted that the peculiar circumstances of this case are such as call upon the court to restrict the defendants in respect to one of the defences proposed to be set up.

The action is upon a policy of insurance; or perhaps I should say, to establish that a policy was agreed on, and then to award the plaintiff such damages as he sustained by the burning of the property which he claims the defendants agreed to insure.

A similar action was heretofore, it seems, brought in this court, and tried before Judge Ingraham without a jury. Subsequent to the trial he filed his decision dismissing the complaint, which afterwards, and on motion on the part of the plaintiff, he changed into a nonsuit.

The defendants now desire to interpose this prior adjudication as a defence to the present action, and I am asked by the plaintiff to restrict them in so doing, so that they shall not be permitted to allege otherwise than that in such action a judgment of nonsuit was rendered.

This I cannot do. The rule that the court will never open a default, and relieve a party from the consequences of his own neglect, so as to enable him to set up an unconscientious or dishonest defence, cannot in my opinion be extended beyond the cases which gave rise to the rule itself, and to which it has been heretofore applied.

These cases are where the defence of usury, statute of limitations, or the like, have been attempted to be interposed after a default regularly taken. (Lorett *a.* Carman, 6 *Hill*, 223; Wolcott *a.* McFarland, *Ib.*, 227; Beach *a.* Fulton Bank, 3 *Wend.*, 585; Bates *a.* Vorhees, 7 *How. Pr. R.*, 235; King *a.* Merchants' Exchange Company, 2 *Sandf.*, 693.)

The defence intended in this case is substantially *res adjudicata*, and to restrict the averments in respect to it, and

under which proof to maintain it may be offered at the trial, might, and probably would have the effect of altogether depriving the defendants of a defence which is neither dishonest nor unconscionable.

The defendants have leave to answer, upon payment of the costs of this motion.